IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DURAYL TYREE VANN,**

    **Plaintiff,**

    **v.**

**DONALD ASH, et al.,**

    **Defendants.**

Case No. 15-3192-SAC-DJW

## MEMORANDUM AND ORDER

Plaintiff Durayl Tyree Vann is a prisoner proceeding *pro se* against several prison officials in their individual and official capacities. He alleges several claims for excessive force, denial of his right to practice religion, lack of due process, and retaliation. On April 7, 2015, several of the individual Defendants were dismissed for failure to timely file an amended complaint. Now before the Court is a Motion to Dismiss filed by the remaining Defendants: William Green, Nathaniel Faulkner, Mya Hibbler, Eric Sage, Naomi Green, Brandon Jones, John Russell, Shardale Brown, Kimberley Holm, Andrew Carver, and Jeffrey Fewell (Doc. 40). Plaintiff has not responded to the motion, so it can therefore be granted as uncontested. The motion can also be granted on the merits, as described more fully below.

**I.**     **Failure to Respond**

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. Rule 7.4(b),

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

> brief or memorandum.  If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2]  The Court is cognizant that Plaintiff has moved several times during the pendency of this motion.  But each time Plaintiff has inquired about the case and submitted a change of address notice, this Court has ensured that a copy of the motion, and of any court orders extending his time to respond, were promptly sent to his new address.[3]  Most recently, the Court granted Plaintiff an extension of almost six weeks to respond on September 9, 2016.  His new deadline was October 21, 2016.  Because Plaintiff has failed to respond to the motion to dismiss, the motion is granted as uncontested.

## II.   Motion to Dismiss

Plaintiff's claims also may be dismissed under Fed. R. Civ. P. 12(b)(6).  To state a claim upon which relief can be granted, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4]  Under the "plausibility" standard that guides this Court, a complaint must contain sufficient factual allegations to give fair notice to Defendant of the grounds of the claim against them.[5]  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[6]

---

[2]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing various cases dismissing *pro se* cases for failure to comply with the rules).

[3]*See* Docs. 43, 47, and Docket Annotation on Aug. 25, 2016 (noting that the Clerk sent copies of Defendants' motion, memorandum in support, and Order setting response deadline to Plaintiff's new address).

[4]Fed. R. Civ. P. 8(a)(2).

[5]*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[6]*Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

Liberally construing Plaintiff's Complaint, as the Court must, Plaintiff alleges claims under 42 U.S.C. § 1983, and a claim of personal injury associated with his alleged assault that occurred on January 15, 2015.  Under the Prison Litigation Reform Act, an inmate must exhaust his administrative remedies before filing suit under § 1983.[7]  An "inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure."[8]  Even if the inmate begins the grievance procedure, if he does not complete it, he is barred from pursuing relief under § 1983.[9]  Likewise, under Kansas law, an inmate must exhaust administrative remedies and submit proof of exhaustion with his petition.[10]

Article 15 of chapter 44 of the Kansas Administrative Regulations codifies the first group of potentially relevant regulations. These regulations govern "inmate grievances" covering "a broad range of matters that directly affect the inmate, including" complaints about policies and conditions of imprisonment, actions of employees and other inmates, and incidents occurring within the facility.[11]  This regulation applies to a constitutional claim such as the § 1983 claims asserted here, where the conduct complained of stems from "actions by employees" of the prison facility.[12]  K.A.R. § 44–15–102 provides the steps required to exhaust administrative remedies for an inmate grievance.  Step one is the preliminary requirement.[13]  If that step does not resolve the issue, a grievance to the Warden is step two.[14]  Finally, if the inmate finds the Warden's

---

[7] 42 U.S.C. § 1997e(a).

[8] *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).

[9] *Id.*

[10] K.S.A. § 75-52,138.

[11] K.A.R. § 44–15–101a(d)(1)(A)–(B).

[12] *Id.* § 44–15–101a(d)(1)(B); *see Lewis v. Carrell*, No. 12-CV-3112-DDC-JPO, 2014 WL 4450147, at *5 (D. Kan. Sept. 10, 2014) *reconsideration denied*, No. 12-CV-3112-DDC-JPO, 2015 WL 413640 (D. Kan. Jan. 30, 2015).

[13] K.A.R. § 44–15–102(a).

[14] *Id.* § 44–15–102(b).

3

response unsatisfactory, he then must appeal to the Secretary of Corrections before filing suit.[15] Plaintiff, even within the section of the Complaint requesting what administrative remedies have been exhausted, fails to make an allegation or even a mention of a grievance or appeal sent to the Secretary of Corrections. Nor is a copy of any such document provided as an exhibit. Plaintiff has simply failed to exhaust his administrative remedies and, as a result, his claims regarding excessive use of force, violation of his religious rights, due process, and retaliation must fail.

Article 16 of chapter 44 of the Kansas Administrative Regulations codifies the second group of regulations. K.A.R. § 44–16–104a applies to claims for personal injury: "(a) Each inmate claim for personal injury shall be submitted to the [prison] facility and [the] secretary of corrections within 10 calendar days of the claimed personal injury." In his Complaint, Plaintiff made a number of allegations as to his administrative remedies and even provided many exhibits, however, none of these include a personal injury claim to either the facility or the Secretary of Corrections. K.A.R. § 44–15–101a(d)(2) specifically states that the grievance procedure set forth in 44-15-102 is not to be used as a substitute for, or as part of, the personal injury claims procedure. Thus, any grievance steps that Plaintiff may have completed, or alleged in his Complaint to have completed, would not apply for purposes of satisfying the requirements for a personal injury claim under § 44-16-104a.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 40) is **granted**. This case is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: November 14, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[15] *Id*. § 44–15–102(c).

4