# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DURAYL TYREE VANN,

    **Plaintiff,**

v.

DONALD ASH, ET AL.,

    **Defendants.**

Case No. 15-3192-JAR

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Durayl Tyree Vann's Motion for Reconsideration (Doc. 53), and Motion for Copies (Doc. 55). The Court has considered the motions, along with Plaintiff's supplemental filing (Doc. 54), and is prepared to rule. As described more fully below, the Court denies Plaintiff's motions.

**I.**     **Motion for Reconsideration**

Plaintiff is a prisoner who filed this action pro se on August 3, 2015, against several prison officials at the Wyandotte County Detention Facility in their individual and official capacities. He alleged claims of excessive force, denial of his right to practice religion, lack of due process, and retaliation. Several defendants were dismissed on April 7, 2015. On July 22, 2016, the remaining defendants moved to dismiss on the basis that Plaintiff failed to administratively exhaust his claims, and otherwise failed to state a claim upon which relief may be granted.

Plaintiff sought several extensions of time to respond to the motion to dismiss; the Court granted each request. He also submitted several changes of address while the motion was pending. But each time Plaintiff inquired about the case and submitted a change of address notice, this Court ensured that a copy of the motion, and of any court orders extending his time to

respond, were promptly sent to his new address.[1] Finally, after Plaintiff's extended response time of October 21, 2016 elapsed, this Court ruled on the motion. On November 14, 2016—more than two years ago—the Court granted the remaining Defendants' motion to dismiss without prejudice for failure to respond. The Court also explained that the motion was properly granted because it appeared that Plaintiff failed to exhaust his administrative remedies. Judgment was entered on November 15, 2016.

Now, Plaintiff seeks reconsideration of the dismissal order, stating that new instances of excessive force have occurred since Judgment was entered, and challenging the Court's alternative ruling that he failed to exhaust his administrative remedies. He asks the Court to reopen his case and consider the arguments in his filing that the case should not have been dismissed for failure to exhaust.

Under D. Kan. Rule 7.3(a), a party seeking reconsideration of a dispositive order must file a motion under either Fed. R. Civ. P. 59(e), or 60. This motion was filed more than 28 days of the Order dismissing his claims, so the Court will construe it as a motion for relief from judgment under Rule 60. Because Plaintiff proceeds *pro se*, the Court is mindful that it must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[2] The Court therefore liberally construes Plaintiff's motion as a motion under Fed. R. Civ. P. 60(b), which provides that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] *See* Docs. 43, 47, and docket annotation on August 25, 2016 noting that the Clerk sent copies of Defendants' motion, memorandum in support, and Order setting response deadline to Plaintiff's new address.

[2] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is
> based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[3]

Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4]

Motions under Fed. R. Civ. P. 60(b) must be brought "within a reasonable time."[5] Where a party moves for relief under Rule 60(b)(1) by arguing that the district court made a substantive mistake in its ruling, the Tenth Circuit has held that "reasonable time" is "contemporaneous with the time constraints for taking a direct appeal."[6] Because Plaintiff's motion was filed more than two years after the Judgment in this case, his motion challenging the Court's substantive ruling is untimely.

To the extent Plaintiff moves for relief under Rule 60(b)(6), the motion is also denied. The Tenth Circuit has described this provision as a "grand reservoir of equitable power to do justice in a particular case."[7] But the rule applies "only in extraordinary circumstances and only when necessary to accomplish justice."[8] Such extraordinary circumstances have been found to apply where "after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."[9] Here, there is no basis in Plaintiff's filings that

---

[3]Fed. R. Civ. P. 60(b).

[4]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5]Fed. R. Civ. P. 60(c)(1).

[6]*Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996).

[7]*Id.* at 579 (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir.1975) (en banc)).

[8]*Id.* (citing *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)).

[9]*Id.*

suggest events occurred after the judgment that would make enforcing the judgment inequitable. Moreover, given the Court's repeated efforts to ensure Plaintiff was able to respond to the motion to dismiss in 2016, it was not inequitable to grant the motion as uncontested several weeks after his deadline passed (several months after the motion was filed).

Relief from judgment is inappropriate given Plaintiff's failure to respond to the motion to dismiss, failure to appeal the dismissal, and failure to otherwise identify grounds under Rule 60 that would warrant relief. However, the Court notes that Plaintiff's case was dismissed without prejudice, so he is not prevented from refiling.

## II. Motion for Copies

Plaintiff filed a separate motion asking for two copies of every document filed in this case. Plaintiff was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915, which allowed him to file this action without prepayment of fees or security.[10] Under that provision, the Court may direct the United States pay the following categories of expenses:

> (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.[11]

Plaintiff's request for two copies of his case filings does not fit within any of the categories for which the Court may direct the United States pay. Thus, the Court must deny his

---

[10]Doc. 6.

[11]28 U.S.C. § 1915(c).

motion for free copies of case documents.  If Plaintiff requests, however, he can obtain copies of the record at his own expense.  For example, the Clerk of the Court will make copies of specifically requested documents in exchange for a fee of 10 cents per page.  If the copy request is under $1.00, it is free of charge.  The Court directs the Clerk of the Court to send the docket sheet along with this Order to Plaintiff.  Plaintiff may request any unsealed document filed in this matter and is directed to send any such request, along with the requisite fee, if any, to the Clerk of the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Durayl Tyree Vann's Motion for Reconsideration (Doc. 53), and Motion for Copies (Doc. 55) are **denied**.

**IT IS SO ORDERED.**

Dated: February 20, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE